If this would be proper evidence at all, it cannot be received under the pleadings made up in this cause. Had accord and satisfaction been pleaded it might be another question;
The counsel then insisted to the jury it was necessary for the plaintiff to prove notice of the assignment on the defendant, as charged in the declaration; and that, as no time was mentioned in the articles of agreement within which the title should be made, the defendant had his whole life to make the conveyance. There could be no evidence as to the value of the land, because its limits were not expressed. It is incumbent on the plaintiff to support his action in every respect; this he has not done.
The covenant specifies that, if the land be lost by better claims, the defendant is to refund the price of the land which has been proved to be one dollar fifty cents.
The plaintiff, before he can recover, ought to show the payment of the consideration; and then the obligation would arise, but not before.
By the Court. The construction of this article cannot now come into question, as the pleadings are made, further than is stated in the declaration. *Page 52 
If this were designed, the defendant should have craved oyer and set out the covenant, after which, he might have exhibited any defence he thought proper. The declaration does not aver the payment of any consideration on the part of the plaintiff, or those under whom he claims; nor was it necessary as the deed itself, per se, imports a consideration. It only avers that the defendant bound himself to make a title, which he had not done. The only plea which meets this case is covenant performed. The general plea of non infregit conventionem,
if good at all, can only be so to a negative covenant; but it is doubted whether it be good even in that case. See 2 Lev. 183; 3 Lev. 19; Tidd's Practice, 201; Com. Dig. tit. Pleader, 2, v. 5.
This is an affirmative covenant, to which the second plea cannot in any event apply. The defendant cannot go beyond the pleadings. The declaration states a breach in not making a title, as the defendant was bound to do. The plea of covenants performed implies that the defendant had made this title; and he must prove it, or show by law that, agreeably to the plaintiff's own showing, he was not bound to do it. This, it seems to us, is not one of those cases in which the defendant had his whole life to comply with the covenant. The law will imply (under all its circumstances) it should be performed in a reasonable or convenient time, of which the jury are the judges. Further, as to the state of the pleadings, and the objections on the part of the defendant to the plaintiff's case for want of proof; it seems to be a general rule, that whatever is not denied in pleading is virtually admitted. And it is important that evidence should, in all cases, be confined to the issue, to prevent surprise.
As to the measure of damages, there seems to be some doubt. Cases of this kind, for the most part, have been heretofore left to the jury, who have generally given the value of the land contracted for at the time of the rendition of the judgment. And per OVERTON J. — It seems to be the better opinion, that the value of the land at the time of the contract, or the time fixed for its performance, with interest, should be the measure. And the best evidence of *Page 53 
such value is the price paid, when that can be ascertained. This question is, however, now before the Federal Court for West Tennessee, from the decision of which we may expect to derive much light.[1]
 Verdict for the plaintiff.
During the same term, on the argument day, the demurrer to the third plea was argued before Overton, J., sitting alone. See the copy of the instrument pleaded as a release in this report.
M'KENNEY, PARSONS, and KENNEDY argued for the defendant after WHITE, for the plaintiff, had briefly opened the cause. It was contended, on the part of the defendant, that a covenant perpetual was equivalent to a release, and might be pleaded as such. Bac. Ab. tit. Release, A.; Ib. tit. Pleas and Pleadings, V. On demurrer, the Court must determine on the whole record; and if the Court should be of opinion, notwithstanding the plea may be defective, that the plaintiff, by his declaration, has not made such a case as to entitle him to recover, it must give judgment for the defendant.
WHITE, in conclusion. — The first question is, whether the paper referred to by the plea was intended as a release against the article declared on. And, secondly, whether the words of it will warrant such an inference. He took it to be a sound rule, that a covenant never will be construed to embrace more parties, or greater matter, than the words will warrant. There is nothing to lead us to suppose that the instrument declared on, was the one in view by the release.
[1] The law has been since settled according to this opinion of Overton, J.